Lawrence E. DAVIS, Appellant,

v.

CALGON CORPORATION, a corporation.

No. 79–2606.

United States Court of Appeals,
Third Circuit.

Argued March 19, 1980.

Panel Rehearing Granted July 1, 1980.

Resubmitted under Third Circuit Rule
12(6) July 8, 1980.

Decided Aug. 1, 1980.

Paul H. Titus (argued), Bernard D. Marcus, Estelle F. Comay, Titus & Marcus, Pittsburgh, Pa. for appellant.

Edward N. Stoner II (argued), Robert E. Sheeder, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellee.

Leroy D. Clark, Gen. Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel, Lutz Alexander Prager, Atty., E.E.O.C., Washington, D. C., for E.E.O.C., Amicus Curiae.

Before SEITZ, Chief Judge, and WEIS and HIGGINBOTHAM, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Plaintiff Lawrence E. Davis appeals from a final order of the district court that granted defendant Calgon Corporation's motion to dismiss. The district court dismissed plaintiff's age discrimination complaint because it found that plaintiff had not satisfied the preconditions to suit specified in the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. (1976) (ADEA).

I.

Plaintiff's complaint alleges that he was employed as an executive by defendant from 1967 until his employment was terminated on June 30, 1978, at age 55. Plaintiff asserts that his discharge violated the ADEA [1] because it was done in furtherance of a general corporate policy adopted by defendant of demoting and terminating its executives solely on account of age and replacing them with individuals under the age of 40.

On January 29, 1979, 213 days after his discharge, plaintiff filed a complaint alleging age discrimination with the Pennsylvania Human Relations Commission (the PHRC). Ten days later, he filed a charge with the Secretary of Labor (the Secre-

1. Although plaintiff's complaint also refers to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (1976), we do not read his factual recit-

als to assert an independent cause of action or claim for relief under this statute.

tary).[2] After receiving notice from the PHRC that it had terminated state proceedings and from the Secretary that he had concluded conciliation efforts, plaintiff filed suit in the district court.

Defendant moved to dismiss plaintiff's complaint on the ground that plaintiff had not filed his charge with the Secretary within the time limits prescribed in the ADEA, 29 U.S.C.A. § 626(d) (West 1979 Supp.). Section 626(d) provides that such a charge shall be filed:

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Section 633(b), which deals with the relationship between federal and state age discrimination actions, applies to ADEA claims based on alleged unlawful practices occurring in "deferral states." These are states having a law prohibiting age discrimination in employment and establishing a state authority to grant or seek relief from such discrimination.

Plaintiff filed both his state and federal claims after 180 days but before 300 days. Because Pennsylvania is a deferral state, *see Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 194 (3d Cir. 1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978); Pa.Stat.Ann. tit. 43, §§ 955–957 (Purdon 1964 & 1979 Supp.), plaintiff argues that he is entitled to the 300-day period specified in § 626(d)(2) and that therefore his charge of age discrimination was timely filed with the Secretary. The district court disagreed, finding that the 300-day filing period was available only where "timely invocation of the State remedy occurred." The court found that plaintiff's filing with the PHRC was not timely and that a 180-day period

for filing with the Secretary applied in this case. Therefore, it concluded that plaintiff's failure to file a charge with the Secretary within 180 days precluded this suit.

## II.

The basis of the district court's conclusion that plaintiff's filing with the PHRC was not timely is unclear. The court may have found the filing untimely either because plaintiff did not file with the PHRC within the 90-day state statute of limitations, *see* Pa.Stat.Ann. tit. 43, § 959 (Purdon 1979 Supp.), or because he did not make the state filing within 180 days. We are unable to determine which of these time limits was relied upon by the district court. Therefore, we must consider both of them to determine whether the district court's decision to dismiss plaintiff's complaint was correct.

### A.

In *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), the Supreme Court held that although the ADEA makes resort to state procedures mandatory for claims arising in deferral states, a plaintiff is not required to commence the state proceedings within the time limits set by state law to preserve his federal remedy. The Court stated that "state procedural defaults cannot foreclose federal relief and that state limitations periods cannot govern the efficacy of the federal remedy." *Id.* at 762, 99 S.Ct. at 2074. Therefore, plaintiff's failure here to comply with the state statute of limitations cannot bar his ADEA suit and cannot support the district court's decision.

### B.

Defendant argues, however, that the extended period for filing a charge with the Secretary provided in § 626(d)(2) applies

---

**2.** At that time, the ADEA required the plaintiff to file a charge with the Secretary. *See* 29 U.S.C.A. § 626(d) (West 1979 Supp.). Under Reorg. Plan No. 1 of 1978, 43 Fed.Reg. 19,807 (1978) (effective July 1, 1979), all functions vested in the Secretary under § 626(d) were transferred to the EEOC. Because this case arose prior to the effective date of the reorganization, we will refer only to the Secretary in this opinion.

only when a plaintiff files with the state within the shorter federal period of 180 days and that the district court based its decision on plaintiff's failure to file with the state within this period. It contends that the district court properly granted its motion to dismiss because plaintiff did not file with the PHRC until more than 180 days after his discharge and, consequently, that plaintiff was not entitled to 300 days to file with the Secretary.[3]

Defendant relies on a number of cases decided under both Title VII and the ADEA that have construed the filing limits for these statutes to require deferral-state plaintiffs to file with the state within the 180-day federal period to be entitled to an extended period for filing with the proper federal authority. *See, e. g., Ewald v. Great Atlantic & Pacific Tea Co.*, 620 F.2d 1183 (6th Cir. 1980) (ADEA); *Ciccone v. Textron, Inc.*, 616 F.2d 1216 (1st Cir.), *petition for cert. filed*, 48 U.S.L.W. 3839 (June 24, 1980) (No. 79–1970) (ADEA); *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir. 1975) (in banc) (Title VII). However, since the present case was argued in this court, the Supreme Court has expressly rejected the reasoning of these cases and adopted a literal reading of the filing provisions of Title VII. *See Mohasco Corp. v. Silver*, —— U.S. ——, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

Although the precise issue presented in *Mohasco* concerned the meaning of the term "filed" in subsections (c) and (e) of § 706 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(c), (e) (1976), the Court examined *Olson* and its progeny in two footnotes. —— U.S. at ——–—— nn. 16, 19, 100 S.Ct. at 2490, 2491. It found that the *Olson* court's interpretation of the time limits imposed by § 706(e) was not supported by the statute because "Congress

included no express requirement that state proceedings be initiated by any specific date in the portion of [subsection (e)] that relates to time limitations in deferral States." *Id.* at —— n. 19, 100 S.Ct. at 2492 n. 19. The Court concluded by stating that:

> [W]e do not believe that a court should read in a time limitation provision that Congress has not seen fit to include . . . at least when dealing with "a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process."

*Id.* (quoting *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972)).

While *Mohasco* involved the time limitations of Title VII, we find the Supreme Court's statements equally applicable to the ADEA. First, we have recognized that interpretations of similar language in Title VII can provide guidance for interpretation of the ADEA. *See Ricks v. Delaware State College*, 605 F.2d 710, 712 (3d Cir. 1979) (applying rule for when time limitations of ADEA begin to run to similar time limits in Title VII), *cert. granted*, 100 S.Ct. 1012, 444 U.S. 1070, 62 L.Ed.2d 751 (1980). *See also Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979).

Moreover, in its discussion rejecting the *Olson* approach, the Court also cited *Ciccone v. Textron, Inc., supra*, a case that relied on *Olson* to hold that an ADEA plaintiff must file with the state within 180 days to be entitled to the extended filing period of § 626(d)(2). Finally, the ADEA, like Title VII, is a statutory scheme in which laymen, unassisted by counsel, often initiate the process. *See Oscar Mayer & Co. v. Evans*, 441 U.S. at 761, 99 S.Ct. at 2074.

---

3. Defendant asserts that two prior decisions of this court control our determination of this issue. *See Holliday v. Ketchum, MacLeod & Grove, Inc.*, 584 F.2d 1221 (3d Cir. 1978) (in banc); *Bonham v. Dresser Indus., Inc.*, 569 F.2d 187 (3d Cir. 1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). In *Holliday*, the plaintiff filed with the Secretary 168 days after his discharge. Thus, we were not

presented with any question concerning the applicability of the extended filing period. Defendant also relies on a footnote in *Bonham. See* 569 F.2d at 192 n. 5. We are unsure, however, whether the statement in this footnote survives the Supreme Court's decision in *Evans*, and therefore, we choose not to rely on it in this case.

Nothing in the language of § 626(d)(2) imposes on deferral-state plaintiffs a duty to file with the state within 180 days to be entitled to the extended filing period in which to file with the Secretary. Regardless of what our own conclusions would be, we find that the Supreme Court's statements in *Mohasco* control disposition of this issue, and we refuse to "read in a time limitation provision that Congress has not seen fit to include." Therefore, we hold that a plaintiff in a deferral state is entitled to the extended period provided by § 626(d)(2) regardless of whether he has filed a state administrative complaint within 180 days after the alleged discrimination occurred. *Accord, Bean v. Crocker National Bank*, 600 F.2d 754 (9th Cir. 1979). Because the plaintiff in this case filed a charge with the Secretary 223 days after his discharge, his filing was timely, and the district court erred in dismissing his complaint.

### III.

The order of the district court dismissing plaintiff's complaint will be reversed.