**CITICORP PERSON–TO–PERSON FINANCIAL CORPORATION, Appellant,**

v.

**Diana BRAZELL, Appellee.**

**No. 81–1003.**

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1981.

Decided Sept. 1, 1981.

Robert O. King, Greenville, S. C. (John B. McLeod, Ogletree, Deakins, Nash, Smoak & Stewart, Greenville, S. C., on brief), for appellant.

F. David Butler, Columbia, S. C. (J. Marvin Mullis, Jr., Columbia, S. C., on brief), for appellee.

Before HAYNSWORTH, Senior Circuit Judge, and HALL and MURNAGHAN, Circuit Judges.

HAYNSWORTH, Senior Circuit Judge:

The plaintiff, Brazell, alleged in her complaint that she had been discharged on February 15, 1979 by her former employer because of her sex in violation of Title VII. On June 27, 1979 she mailed a formal unfair employment practice charge to the Equal Employment Opportunity Commission (EEOC), which was received on June 29. In it she stated that she had filed a charge with the South Carolina Human Affairs Commission (SCHAC), and gave its mailing address. In the space for insertion of the date upon which the state charge was filed, however, she stated "to be filed 7/10/79." In fact, she never filed a charge with SCHAC, though her lawyer informed us that there was one informal conference with one of SCHAC's agents.

Without having referred the charge to SCHAC, the EEOC issued a right to sue letter on April 10, 1980, based on the passage of more than 180 days since the filing of the federal charge.

The defendant moved to dismiss the complaint upon the ground that there had been no valid filing of a charge with the EEOC within the 300 day period following the alleged discriminatory discharge. Under § 706(c), 42 U.S.C.A. § 2000e–5(c), such a charge may not be filed until a state fair employment practice agency has had an opportunity to consider it. Relying on *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), the district court denied the motion to dismiss, but held the case in abeyance in order to give the plaintiff an opportunity to file a belated and untimely charge with SCHAC. He certified the question of dismissal pursuant to 28 U.S.C.A. § 1292(b), and this court allowed the interlocutory appeal.

I.

Under § 706(c) of Title VII, Ms. Brazell could not file a charge with the EEOC until sixty days after having filed a charge with

SCHAC, unless the state proceedings were terminated sooner. In *Oscar Mayer*, the Supreme Court held that a somewhat comparable requirement of exhaustion of state remedies under the Age Discrimination Employment Act could be met by an untimely filing of a charge with the state agency, for the federal statute did not provide that the prerequisite state charge must be filed within the time limitation prescribed by state law. *See* 441 U.S. at 759, 99 S.Ct. at 2073 (1979). *Oscar Mayer* requires that we give § 706(c) of Title VII a similar construction, but compliance with that section is not the only prerequisite to the filing in a district court of a complaint alleging a violation of Title VII. Unlike the ADEA, Title VII makes the application to the state agency and the passage of the deferral period a prerequisite to the filing of a charge with the EEOC. The effective filing of a timely charge with the EEOC is a prerequisite to the invocation of the administrative process within the EEOC, § 706(c), and to the maintenance of an action in the district court, *see* § 706(f)(1), 42 U.S.C.A. § 2000e–5(f)(1). Finally, under § 706(e), 42 U.S.C.A. § 2000e–5(e), a charge must be filed within 300 days of the alleged unlawful employment practice.

In *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), the Supreme Court held that a charge was not filed for purposes of § 706(e) until the deferral to the state agency had run its course. There the grievant submitted his complaint to the EEOC and to the state agency on the 291st day after the allegedly unlawful occurrence. Since the charge cannot be effectively filed with the EEOC until expiration of the sixty-day deferral period, however, there was noncompliance with the 300 day limitation requirement of § 706(e).

The 300 day period following February 15, 1979 expired in late 1979. If her lodging of the charge in June 1979 cannot be regarded as a filing within the meaning of § 706(e), a belated filing with the SCHAC now would not permit her to comply with § 706(e), for, under *Mohasco*, access to the EEOC has long since been foreclosed to her.

## II.

Though these procedural requirements are often referred to as jurisdictional, their time limitations do not affect the competence of the court. A majority of the courts which have considered the question have held that the time limitations are subject to equitable tolling. *See Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir. 1981) (*en banc*), and cases cited therein. The plaintiff in *Coke* had relied upon repeated assurances by the employer that the matter would be rectified, and because of that reliance the 180 day period involved there elapsed without the filing of a formal charge with the Secretary of Labor. This, however, is not an appropriate case for a definitive decision by this court on the equitable tolling question for there are no comparable equities which would permit the plaintiff to bring herself within the rule's application.

Under its regulations,[1] the EEOC, on behalf of the grievant, will refer a complaint to the appropriate state agency for exhaustion of state remedies. Under ordinary circumstances, a clear violation of that regulation by EEOC might warrant the finding of a tolling effect. *See, e.g., White v. Dallas Independent School District*, 581 F.2d 556 (5th Cir. 1978) (*en banc*). Brazell herself is responsible for the failure of the EEOC to refer her complaint to SCHAC, however, for she reported to EEOC that she had filed a charge with SCHAC and then, somewhat ambiguously, that it would be filed on July 10, 1979. There was no requirement that EEOC refer the complaint to SCHAC if Brazell herself had filed a charge there.

Nor did the former employer say or do anything calculated to mislead her.

Ms. Brazell may have been mistaken about the necessity of filing a formal charge with SCHAC, though it is clear that she knew of the availability of that remedy.

South Carolina's legislature effectively created SCHAC on March 22, 1979. It was

---

1. 29 C.F.R. § 1601.12(b)(1).

not until August 21, 1979, however, that the EEOC formally recognized SCHAC as a § 706 deferral agency. Initially the EEOC had taken the position that deferral to a state agency was not required until it had formally recognized the agency as a "§ 706 agency." It had been held in cases such as *White v. Dallas Independent School District, supra,* however, that deferral was required from the effective date of state legislation creating an adequate state administrative remedy, and on June 26, 1979 the EEOC issued a policy statement announcing that deferral was required from the effective date of the state legislation. Thus on June 26, 1979, before noticing the EEOC's announcement of that date, Brazell might have supposed that a filing of a state charge was not an absolute prerequisite to the effective filing of a charge with EEOC. There were judicial decisions, however, to give her forewarning, and she still might have met all of the relevant time requirements if she had taken notice of the June 26 announcement or filed a state charge after EEOC's recognition of SCHAC in August.

Even though there may be some reasonable explanation of Ms. Brazell's legal mistake, if there was one, it was her mistake. It was not induced by the EEOC, and surely not by her former employer. Under these circumstances, we find no basis for the application of an equitable tolling doctrine, even if we were to embrace it in principle.

### III.

Since no charge had been effectively filed with EEOC within the 300 day period required by § 706(e), the complaint should have been dismissed.

*REVERSED AND REMANDED.*