Markita JONES, Plaintiff-Appellant,

v.

AIRCO CARBIDE CHEMICAL COMPA-
NY, Defendant-Appellee.

No. 81–5306.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 5, 1982.

Decided Oct. 28, 1982.

Isaac Lorean Conley, Jr., Lester, Rich-
mond & Conley, Louisville, Ky., for plain-
tiff-appellant.

Hubert Willis, Matthew Westfall, Middle-
ton & Reutlinger, Charles Laurence Woods,
III, Louisville, Ky., for defendant-appellee.

Before MERRITT and CONTIE, Circuit
Judges, and NEESE,* District Judge.

CONTIE, Circuit Judge.

This is an appeal by the plaintiff Jones of
the dismissal of her complaint alleging ra-

---

* The Honorable C. G. Neese, Judge, United
States District Court for the Eastern District of

Tennessee, sitting by designation.

cial discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* The district court dismissed the plaintiff's complaint on the basis that she failed to timely file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The court held that under Section 706(e), as amended, 42 U.S.C. § 2000e–5(e), a charge of discrimination must be filed with the EEOC within 180 days of the alleged unlawful conduct. The district court also held that the plaintiff failed to timely file a charge of discrimination with the Kentucky Commission on Human Rights (KCHR), which has a 180-day limitation period under state law. *Ky.Rev.Stat.* § 344.200. The district court held, therefore, that inasmuch as the plaintiff failed to timely file with an appropriate state agency, the 300-day extension of Section 706(e), 42 U.S.C. § 2000e–5(e), is not applicable.

■ The plaintiff was discharged from her employment with the defendant on January 4, 1980. On August 19, 1980, 228 days after her discharge, Jones filed a charge of racially discriminatory discharge with the EEOC. On August 22, 1980, in accord with Section 706(c), 42 U.S.C. § 2000e–5(c), the EEOC referred the charge to the KCHR. On September 8, 1980, the KCHR terminated its proceedings and referred the charge back to the EEOC. The EEOC subsequently terminated its involvement and issued plaintiff a right-to-sue letter. Ms. Jones filed this suit on January 9, 1981.

Section 706(e), 42 U.S.C. § 2000e–5(e), provides in part:

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in the case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a state or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the state or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

Applying this provision to the facts of this case, the parties agree that the general rule requiring the filing of charge of discrimination with the EEOC within 180 days is not applicable. Kentucky is a "deferral" state so that the 300-day filing limitation is applicable if the aggrieved person initially institutes proceedings with the appropriate state agency.

At the time that the EEOC referred the plaintiff's charge to the KCHR, 231 days after the alleged unlawful conduct, the EEOC acted on behalf of the plaintiff in initially instituting state proceedings in compliance with the requirements of 42 U.S.C. § 2000e–5(c) and (e). The plaintiff's charge was lodged with the EEOC on August 19, 1980, but could not have been filed with the EEOC until either 60 days after the institution of state proceedings or after such proceedings have been terminated, whichever is earlier. *See Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). Thus, the plaintiff initially instituted proceedings with the KCHR. *Love v. Pullman,* 404 U.S. 522, 525, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972). Further, the KCHR referred the charge back to the EEOC well within the 300-day period, so that the charge was filed with the EEOC within the time limitations of 42 U.S.C. § 2000e–5(e).

■ In deferral states, a plaintiff has 300 days to file a charge of discrimination with the EEOC regardless of whether or not a charge has been filed within 180 days with the appropriate state agency. *Mohasco*

*Corp. v. Silver,* 447 U.S. 807, 814 n. 16, 100 S.Ct. 2486, 2490–2491 n. 16, 65 L.Ed.2d 532. In *Mohasco,* the plaintiff filed with the appropriate state agency on the 291st day after the alleged unlawful conduct. The court found that the plaintiff did initiate state proceedings even though the plaintiff failed to file with the EEOC within the 300 day period.[1]

This Circuit, as well as the First Circuit, interpreting similar language in the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626(d), held that a deferral state plaintiff must file a charge within 180 days with either the state agency or the EEOC or the 300-day period would not be applicable.[2] The Supreme Court, however, granted certiorari and remanded both cases for reconsideration in light of *Mohasco, supra. Ewald v. Great Atlantic and Pacific Tea Co., Inc.,* 620 F.2d 1183 (6th Cir.), *rev'd and remanded,* 449 U.S. 914, 101 S.Ct. 311, 66 L.Ed.2d 143 (1980); *Ciccone v. Textron, Inc.,* 616 F.2d 1216 (1st Cir.), *rev'd and remanded,* 449 U.S. 914, 101 S.Ct. 311, 66 L.Ed.2d 143 (1980). This Circuit remanded the case back to the district court for further consideration. *Ewald v. Great Atlantic and Pacific Tea Co., Inc.,* 644 F.2d 884 (6th Cir. 1981). The First Circuit held that 300 days is to be allowed for federal filings in deferral states even if no charge has been filed with the state agency within 180 days. *Ciccone v. Textron, Inc.,* 651 F.2d 1 (1st Cir.), *cert. denied,* 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 420 (1981). *See also, Aronson v. Crown Zellerbach,* 662 F.2d 584 (9th Cir. 1981); *Owens v. Ramsey Corp.,* 656 F.2d 340 (8th Cir. 1981); *Wiltshire v. Standard Oil Co. of Cal.,* 652 F.2d 837 (9th Cir. 1981), *cert. denied,* 455 U.S. 1034, 102 S.Ct. 1737, 72 L.Ed.2d 153 (1982); *Goodman v. Heublein, Inc.,* 645 F.2d 127 (2d Cir. 1981); *Davis v. Calgon Corp.,* 627 F.2d 674 (3d Cir. 1980), *cert. denied,* 449 U.S. 1101, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981).[3]

■ Since the plaintiff was not required to file with the KCHR within 180 days, the only issue remaining in this case is whether or not the plaintiff's federal action is barred because she failed to initiate proceedings before the KCHR prior to the expiration of the state's statute of limitations. Section 706(e), 42 U.S.C. § 2000e–5(e), does not state that resort to state proceedings must be within time limits specified by the state. Section 706(e), 42 U.S.C. § 2000e–5(e), only provides that a 300-day limitation period is applicable for a timely federal filing with the EEOC under Section 706(b), 42 U.S.C. § 2000e–5(b), when proceedings are initially instituted with an appropriate state agency. Section 706(c), 42 U.S.C. § 2000e–5(c), how-

---

1. In dictum, the Supreme Court recognized that the language of Section 706(e), 42 U.S.C. § 2000e–5(e), has been interpreted to require that a complainant file his charge initially with the appropriate state agency within 180 days (which is the time a complainant must file with the EEOC in a non-deferral state) in order to preserve rights under Title VII and obtain the 300-day filing period with the EEOC. *See Olson v. Rembrandt Printing Co.,* 511 F.2d 1228 (8th Cir. 1975). The Court rejected this approach, however, stating that "we do not believe that a court should read in a time limitation provision that Congress has not seen fit to include." *Mohasco Corp. v. Silver,* 447 U.S. at 816 n. 19, 100 S.Ct. at 2491–2492 n. 19.

2. Because of similarity of purpose and structure, we refer to cases arising under both the ADEA and Title VII concerning the filing requirements with the EEOC and appropriate state agencies. Both Title VII and the ADEA share a common purpose, *i.e.,* elimination of discrimination in employment, both statutory schemes are similar and both statutes have

almost identical filing requirements and statutes of limitation. *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979); *Zipes v. Transworld Airlines, Inc.,* 455 U.S. 385, 395, 102 S.Ct. 1127, 1133 n. 11, 71 L.Ed.2d 234 (1982); *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584 (5th Cir. 1981).

3. One issue not raised by the parties is whether the construction given to 42 U.S.C. § 2000e–5(e) by the Court in *Mohasco* has retroactive application. In *Hall v. Ledex, Inc.,* 669 F.2d 397, 399 (6th Cir. 1982), the Sixth Circuit adopted the approach of *Wiltshire v. Standard Oil of Cal.,* 652 F.2d 837 (9th Cir. 1981), that *Mohasco* should not be applied retroactively. In *Wiltshire,* the Ninth Circuit held that the rule of *Mohasco* should be applied only to those claims submitted to the EEOC after June 23, 1980 (the date of announcement of *Mohasco*). In the present case plaintiff's charge was first submitted to the EEOC on August 22, 1980, so that the *Mohasco* case does apply.

ever, states that when an unlawful employment practice occurs within a deferral state, a charge may not be filed with the EEOC until after "the expiration of sixty days after proceedings *have been commenced* under the state or local law, unless such proceedings have been earlier terminated." (emphasis added).

■ The application of the 300-day limitation period within Section 706(e), 42 U.S.C. § 2000e–5(e), applies only to deferral states where proceedings must first be instituted with an appropriate state agency under Section 706(c), 42 U.S.C. § 2000e–5(c). Section 706(c), 42 U.S.C. § 2000e–5(c), requires only that the grievant commence state proceedings. *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). Nothing whatever in the section requires the respondent to commence those proceedings within the allotted time under state law to preserve a right of action under Section 706(f), 42 U.S.C. § 2000e–5(f).

In *Oscar Mayer, supra,* the Supreme Court construed Section 14(b) of the Age Discrimination in Employment Act of 1967 (ADEA) in a manner consistent with the provisions of Section 706(c), 42 U.S.C. § 2000e–5(e), in holding that there is no requirement that, in order to commence state proceedings and thereby preserve federal rights, the grievant must file with the state within whatever time limits are specified by state law. *Id.* at 759, 99 S.Ct. at 2073. The court stated:

Individuals should not be penalized if states decline, for whatever reason, to take advantage of these opportunities.

Congress did not intend to foreclose federal relief simply because state relief was also foreclosed.

The structure of the ADEA reinforces the conclusion that state procedural defaults cannot foreclose federal relief and that state limitations periods cannot govern the efficacy of the federal remedy. The ADEA's limitations periods are set forth in explicit terms in 29 U.S.C. §§ 626(d) and (e), not § 14(b), 29 U.S.C. § 633(b). Sections 626(d) and (e) adequately protect defendants against stale claims.

*Id.* at 761–62, 99 S.Ct. at 2074–2075 (citations omitted).[4] Several cases have held that the conclusion drawn from *Oscar Mayer* is that compliance with state time limitations must be deemed irrelevant for purposes of determining whether a complainant has 180 or 300 days to file notice to sue with the EEOC. *Aronsen v. Crown Zellerbach,* 662 F.2d 584 (9th Cir. 1982); *Goodman v. Heublein, Inc.,* 645 F.2d 127 (2d Cir. 1981); *Davis v. Calgon Corp.,* 627 F.2d 674 (3d Cir. 1980), *cert. denied,* 449 U.S. 1101, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981); *Bean v. Crocker Nat'l Bank,* 600 F.2d 754 (9th Cir. 1979). In *Citicorp Person-To-Person Financial Corporation v. Brazell,* 658 F.2d 232 (4th Cir. 1981), the Court stated:

In *Oscar Mayer,* the Supreme Court held that a somewhat comparable requirement of exhaustion of state remedies under the [ADEA] could be met by an untimely filing of a charge with the state agency, for the federal statute did not provide that the prerequisite state charge must be filed within the time limitations prescribed by state law. *Oscar Mayer* re-

---

**4.** There are two differences between the statute of limitations of the ADEA, 29 U.S.C. § 626(d), and the statute of limitations of Title VII, 42 U.S.C. § 2000e–5(e). First, Section 626(d) explicitly refers to Section 633(b) (requiring the filing of a charge of discrimination within a deferral state with the appropriate state agency first) whereas Section 2000e–5(e) does not specifically refer to Section 2000e–5(c) (same requirement as Section 633(b) of the ADEA). Section 2000e–5(e), however, provides that the 300-day filing period is applicable when state proceedings are initially instituted. We find that the language of Section 2000e–5(e) implic-

itly refers to Section 2000e–5(c) in the same way that Section 626(d) of the ADEA makes the reference explicitly. Second, Section 626(d) states that no civil action may be filed unless a charge is filed with the Secretary whereas Section 2000e–5(e) only provides when a filing with the EEOC is timely without reference to whether or not a civil action may be commenced. We find this, however, not to be a significant difference inasmuch as both sections are respectively interpreted as statutes of limitations in the bringing of federal civil actions.

quires that we give § 706(c) of Title VII a similar construction.

*Id.* at 234 (citations omitted).

■ *Oscar Mayer* holds that in commencing an action under either Section 14(b) of ADEA or Section 706(c) of Title VII a timely filing under state law is not necessary in order to properly file with the EEOC. An untimely filed state proceeding is "commenced" within the meaning of both Section 14(b) of the ADEA and Section 706(c) of Title VII so as to make available the 300-day filing period with the EEOC. To read a requirement into the provisions of Section 706(e), 42 U.S.C. § 2000e–5(e), that timely filing under state law is necessary in order to obtain the 300-day filing period, would be inconsistent with the Supreme Court's holding in *Oscar Mayer* as well as with the purpose of Title VII.[5] We therefore find that plaintiff Jones' action is not barred for failure to commence proceedings with the KCHR in a timely fashion under state law. Further, we find that the plaintiff timely filed with the EEOC within 300 days of the alleged unlawful conduct pursuant to Section 706(e), 42 U.S.C. § 2000e–5(e).

Accordingly, judgment and order of the district court is REVERSED and REMANDED for consideration upon the merits of plaintiff's complaint.

NEESE, District Judge, concurring.

I can identify with the District Judge's difficulty in deciding whether the jurisdiction of the District Court was invoked properly herein. (It is not clear from his memorandum opinion whether he considered *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).)

At first blush, I thought he had erred in dismissing the appellant's action, because the complainant in a civil rights action in a deferral state, such as Kentucky, insured the preservation of his or her federal rights relating to an unfair labor practice on the basis of racial discrimination by filing a charge at anytime within 240 days of the alleged discriminatory employment practice. *Id.,* 447 U.S. at 814, n. 16, 100 S.Ct. at 2490–2491, n. 16. The appellant's charge was filed by the Equal Employment Opportunity Commission (EEOC) with the Kentucky Commission on Human Rights (KCHR) on the 228th day after the alleged occurrence.

Afterward, I receded from that opinion and tended to agree with the District Court when I noticed that the complainant in *Mohasco* had not initially instituted proceedings with the state agency but had merely complained in a letter to the EEOC that his employer had discriminated against him because of his religion; whereas, here, the appellant Ms. Jones initially instituted proceedings with the EEOC directly against her employer. The pertinent statutes state plainly that, in the case of a charge filed by a grievant with the EEOC, it was required that: "Charges shall be * * * under oath or affirmation and shall contain such information and *be in such form* [emphasis supplied by this writer] as the [EEO] Commission requires," 42 U.S.C. § 2000e–5(b), and that

---

5. The Supreme Court held in *Oscar Mayer* that in order to determine if a state's statute of limitations will bar a federal action, the proper inquiry is to determine whether Congress mandated that resort to state proceedings must be within time limits specified by the state. In reviewing the language of Section 14(b) of the ADEA, which was modeled after Section 706(c) of Title VII, the court found no implication that the state limitations apply. Indeed, the Court found that the following language expresses Congress' intent explicitly that there is no requirement that commencing state proceedings must be timely under state law. The last sentence of Section 14(b) provides:

> If any requirement for the commencement of such proceedings is imposed by a state authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate state authority.

29 U.S.C. § 633(b). Section 706(c) of Title VII, 42 U.S.C. § 2000e–5(c) contains exactly the same express declaration of Congress' intent that a state proceeding is deemed commenced upon filing a complaint regardless of whether or not such filing was timely under state law.

the exception relating to deferral states having a pertinent agency more than 12 months old, was triggered only "in the case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency," 42 U.S.C. § 2000e–5(e).

The opinion of the majority prepared by Circuit Judge Contie has convinced me that my first impression was correct, however, and that the charge of the appellant Ms. Jones was timely. Justice Stevens stated for the Supreme Court:

\*     \*     \*     \*     \*     \*

When respondent [the grievant there] submitted his letter to the EEOC, he had not yet instituted any state proceedings. Under the literal terms of the statute, it could therefore be argued that he did not bring himself within the exception to the general 180-day requirement. But in *Love v. Pullman Co.,* 404 U.S. 522, 525 [92 S.Ct. 616, 618, 30 L.Ed.2d 679] we held that "[n]othing in the Act suggests that the state proceedings may not be initiated by the EEOC acting on behalf of the complainant rather than by the complainant himself...." Here, state proceedings were instituted by the EEOC when it immediately forwarded his letter to the state agency on June 15, 1976. Accordingly, we treat the state proceedings as having been instituted on that date. Since the EEOC could not proceed until either state proceedings had ended or 60 days had passed, the proceedings were "initially instituted with a State ... agency" prior to their official institution with the EEOC. Therefore, respondent came within § 706(e)'s exception allowing a federal filing more than 180 days after the occurrence.

\*     \*     \*     \*     \*     \*

\* \* \* The question, then, is whether the June 15, 1976, letter was "filed" when received by the EEOC within the meaning of subsection (e) of § 706.

\*     \*     \*     \*     \*     \*

\* \* \* [T]he statute prohibited the EEOC from allowing the charge to be filed on the date the letter was received. \* \* \* [I]t was proper for the EEOC to hold respondent's "complaint in 'suspended animation,' *automatically filing it upon termination of the State proceedings*" \* \* \*.

*Id.,* 447 U.S. at 816–17, 100 S.Ct. at 2491–2492.

Although divided, the Supreme Court in *Mohasco* was discharging its traditional role as the final expounder of federal statutory law; we, of course, are bound by it. *Jordan v. Gilligan,* 500 F.2d 701, 707 (6th Cir. 1974), *cert. denied,* 421 U.S. 991, 95 S.Ct. 1996, 44 L.Ed.2d 481 (1975); *accord, United States v. Linkenauger,* 357 F.2d 925, 926 (6th Cir. 1966); *cf. Hicks v. Miranda,* 422 U.S. 332, 344–45, 95 S.Ct. 2281, 2289–2290, 45 L.Ed.2d 223 (1975); therefore, I concur that this action was not barred because of the appellant's failure to commence timely proceedings directly with the KCHR, and that she filed timely with the EEOC within the extension of time allowed her by 42 U.S.C. § 2000e–5(e), *supra.*