**William H. JACKSON, Plaintiff,**

v.

**OHIO BELL TELEPHONE COMPANY, Defendant.**

**No. C–3–81–606.**

United States District Court, S.D. Ohio, W.D.

Dec. 2, 1982.

Steven M. Fitten, Dayton, Ohio, for plaintiff.

Howard P. Krisher, Dayton, Ohio, M. Lee Graft, Ohio Bell Tel. Co., Cleveland, Ohio, for defendant.

### DECISION AND ENTRY SUSTAINING IN PART, AND OVERRULING IN PART, DEFENDANT'S MOTION TO DISMISS; CONFERENCE CALL SET

RICE, District Judge.

I. *Introduction*

Plaintiff filed his complaint with this Court in the captioned matter on December 11, 1981. In the complaint, he alleged that Defendant, his former employer, had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, by engaging in employment discrimination on the basis of race. Plaintiff also alleged that he satisfied all the procedural prerequisites to a Title VII lawsuit, to wit: that he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC)

within 180 days of the unlawful practice, that he received a right to sue notice from the EEOC on September 14, 1981, and that he filed suit in this Court within 90 days after receiving said letter. Complaint, ¶ 3. Finally, Plaintiff alleged that Defendant discharged him "on or about" March 12, 1980, ¶¶ 14, 17, and that he filed with the EEOC on September 11, 1980, ¶ 15. (In an apparent error, Plaintiff alleged that he filed with the EEOC in 1981, not 1980. The balance of the record refers to the latter date, and the Court will assume it to be correct.)

Plaintiff sets forth three claims for relief in his complaint. First, he alleges that Defendant "maintained separate lines of seniority for black and other employees and maintained separate standards of conduct for blacks and other employees ..." ¶ 13. Second, he alleges that he was discharged as a result of the unlawful practice, and "harassed" because he "attempted to obtain equal opportunity for himself." ¶ 16. Finally, he alleges that Defendant discriminated on the basis of race, by making "unfounded complaints" concerning his work, assigning him to "perform menial, demeaning duties," and charging him "with falsifying time sheets." ¶ 19.

Defendant filed a motion to dismiss (Doc. # 5), pursuant to Fed.R.Civ.P. 12(b)(1), contending (1) that Plaintiff did not properly follow the prerequisites of filing a Title VII lawsuit, and (2) that the allegations in the complaint are beyond the scope of the charge of discrimination filed with the EEOC. After said motion was briefed, the Court requested further briefing on the first ground advanced by Defendant. (Doc. # 14). Defendant submitted a further memorandum (Doc. # 15); Plaintiff's counsel did not respond.

For the following reasons, said motion is sustained in part and overruled in part.

## II. *Timeliness of Title VII Suit*

The first ground advanced by Defendant is that the suit should be dismissed, since Plaintiff did not file a timely charge of discrimination with the Ohio Civil Rights Commission (OCRC). Defendant argues that, in fact, Plaintiff was terminated from employment on March 10, 1980, not March 12, 1980 (as Plaintiff alleges). Affidavit of Robert Turley, Doc. # 5, Ex. B, ¶ 4.[1] Plaintiff apparently does not contest this assertion. Plaintiff's Memorandum Contra to Motion to Dismiss, Doc. # 12, p. 1; *see also, id.,* Ex. 4 (record of grievance, signed by Plaintiff, referred to discharge from payroll on March 10, 1980). This made the subsequent filing with the EEOC and/or the OCRC beyond 180 days but within 300 days of the allegedly unlawful practice.[2] Under 42 U.S.C. § 2000e-5(e), a Title VII plaintiff in a "deferral" state, such as Ohio, has 300 days to file after the alleged unlawful practice. *Hall v. Ledex, Inc.,* 669 F.2d 397 (6th Cir.1982). However, under the legislation establishing the OCRC, Ohio Rev. Code § 4112.05(B), a plaintiff must file within six months after the occurrence of the alleged unlawful practice. Citing various cases, Defendant argues that Plaintiff must adhere to the *state* statute of limitations in order to trigger the application of the 300 day filing period for a deferral state.

1. Defendant challenges this Court's subject matter jurisdiction to entertain the Title VII claim. In such a Fed.R.Civ.P. 12(b)(1) motion, this Court can, and will, consider affidavits and other materials outside the pleadings, without converting the motion into one for summary judgment, pursuant to Rule 12(b). *See, Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

2. Despite Plaintiff's allegation that he filed with the EEOC on September 11, 1980, the documents in the record indicate that he filed a charge with the OCRC on that date. Plaintiff's charge to the OCRC is found at Doc. # 5, Ex. A, and was filed September 11, 1980. In the charge, Plaintiff checked the box captioned, "I also want this charge filed with the EEOC." Although no charge to the EEOC appears in the record, the OCRC apparently, in accordance with usual practice, *see,* 29 C.F.R. § 1601.13 (1982), referred the charge to the EEOC on or shortly after that date. This referral is, of course, evidenced by the EEOC's eventual issuance of a right-to-sue letter, which is in the record. Doc. # 12, Ex. 3.

As Defendant candidly acknowledges, the Sixth Circuit recently settled the issue in *Jones v. Airco Carbide Chemical Co.*, 691 F.2d 1200 (6th Cir.1982). In *Jones*, the Title VII plaintiff, a resident of Kentucky, filed suit with the EEOC some 228 days after the discriminatory practice occurred. In accord with the usual practice, the EEOC referred the charge to the Kentucky "deferral" agency. Kentucky law, like the law establishing the OCRC in Ohio, sets forth a 180-day limitation period within which to file. The state agency ultimately terminated its proceedings and referred the charge back to the EEOC, which subsequently issued plaintiff a right-to-sue letter. After reviewing the statute and Supreme Court precedent, the *Jones* Court held that in

> deferral states, a plaintiff has 300 days to file a charge of discrimination with the EEOC regardless of whether or not a charge has been filed within 180 days with the appropriate state agency ... An untimely filed state proceeding is "commenced" within the meaning ... of Title VII so as to make available the 300-day filing period with the EEOC.

691 F.2d 1200.

■ As noted above, the procedural posture of the within matter is virtually identical to the *Jones* case. By filing with the OCRC and/or the EEOC on September 11, 1980, *cf.* footnote 2, *supra,* Plaintiff was untimely for the state proceeding, but timely in the EEOC proceeding. The *Jones* decision, however, makes the fact of untimely filing with the OCRC irrelevant. Accordingly, Defendant's first ground in support of its motion is not well taken.

III. *Scope of Charge of Discrimination*

Defendant's second argument in support of its motion stands on a different ground. In his charge of discrimination filed with the OCRC (Doc. # 5, Ex. A), Plaintiff stated that Defendant terminated him, purportedly for falsifying time sheets. In fact, Plaintiff stated that he had been unlawfully discriminated against because he was black, since he denied falsifying any time sheets, no disciplinary action was taken against two similarly situated Caucasian employees who were caught off the job, and he was "discharged instead of being dropped with termination allowance as other non-minority employees have been in the past." It is fair to say that the charge of discrimination deals exclusively with the discharge and events concerning same. In contrast, the complaint filed in this Court concerned both the discharge *and* other events, notably the maintenance of "separate" lines of seniority and standards of conduct, harassment, and the assignment of "menial" duties.

■ As pointed out by Defendant, a Title VII litigant's assertion of discriminatory conduct in Court is "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *EEOC v. McCall Printing Corp.,* 633 F.2d 1232, 1235 (6th Cir.1980); *EEOC v. Bailey Co.,* 563 F.2d 439, 446 (6th Cir.1977), *cert. denied,* 435 U.S. 915, 98 S.Ct. 1468, 55 L.Ed.2d 506 (1978). In applying this test, Courts are to give the charges of discrimination and EEOC determination letters a liberal construction. *Farmer v. ARA Services, Inc.,* 660 F.2d 1096, 1105 (6th Cir. 1981); *McCall Printing Corp., supra,* 633 F.2d at 1235–36. Liberally construing the charge of discrimination, however, reveals that only those allegations in the complaint concerning a discharge are properly encompassed by the charge of discrimination filed with the EEOC. The charge only refers to a "termination" and "disciplinary action." Other allegations in the complaint, such as the maintenance of "separate" lines of seniority and standards of conduct, harassment, and the assignment of "menial work," simply cannot be "reasonably expected to grow out of the charge of discrimination."[3]

---

**3.** No EEOC determination letter, assuming one exists in this case, is found in the record, or is referred to in the memoranda filed by counsel. However, the Court need not speculate as to the contents of same, since the charge filed with the OCRC and EEOC is in the record, and the Court focuses on same in determining whether the allegations in the complaint are impermissibly broad.

For these reasons, Defendant's second ground in support of its motion is well taken, in part. Defendant's motion is sustained, to the extent that the allegations in the complaint refer to acts by the Defendant other than termination or disciplinary action. The motion is overruled in all other respects.

## IV. *Conclusion*

Based on the aforesaid, Defendant's motion to dismiss is sustained in part, and overruled in part. Plaintiff can only pursue the allegations in the complaint, found in the second and third claims for relief, which relate to termination or disciplinary action.

Counsel will note that a telephone conference call will be had on Tuesday, December 14, 1982, at 8:15 a.m. for the purpose of monitoring discovery, setting a trial date, et cetera.