Motilal MAURYA, Plaintiff-Appellant,

v.

PEABODY COAL COMPANY,
Defendant-Appellee.

No. 86–5450.

United States Court of Appeals,
Sixth Circuit.

Argued March 9, 1987.

Decided July 2, 1987.

Rehearing and Rehearing En Banc
Denied Oct. 1, 1987.

Henry E. Hayden (argued) Hayden and McKown, Hartford, Ky., for plaintiff-appellant.

John Gianoulakis (argued) Kohn, Shands, Elbert, Gianloulakis and Giljum, St. Louis, Mo., for defendant-appellee.

Before ENGEL, KRUPANSKY and GUY, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

Plaintiff appeals from a summary judgment granted in favor of defendant dismissing his Title VII employment discrimination suit on the ground of *res judicata.* Our analysis of this litigation differs from that of both the district court and the parties, and, as explained herein, requires us to reverse.

### I.

Maurya was terminated from his position with Peabody on October 12, 1977, after working for that company since 1975.[1] Maurya was a native of India, having come to the United States in 1968. Maurya alleged that the termination was because of his national origin.

On March 20, 1978, Maurya filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC). This complaint was filed 158 days after his termination. On May 2, 1978, plaintiff filed a complaint with the Kentucky Commission for Human Rights (KCHR). This complaint was filed 200 days after termination of plaintiff's employment.[2]

The KCHR held a hearing and on September 20, 1979, issued an order determining that Maurya was discharged by Peabody because of his national origin in violation of Ky.Rev.Stat. 344.040. The KCHR did not order reinstatement or back pay, however, because they also found that

---

1. There is some dispute as to the actual date of termination, but we use October 12, 1977, because that is the earliest date that termination could be possible.

2. Plaintiff makes the unsupported allegation that he actually went to the KCHR in February of 1978. We need not resolve this claim, however, due to the conclusion we arrive at in these proceedings.

Maurya had not exercised "reasonable diligence" in seeking other employment. On October 1, 1979, Maurya filed a motion with the KCHR to renew the proceedings for the purpose of granting back pay and reinstatement.

On October 15, 1979, Peabody appealed the KCHR decision to the Hopkins Circuit Court. On October 17, 1979, the KCHR granted Maurya's motion to reopen and ordered immediate reinstatement. Maurya then filed his own circuit court suit challenging the KCHR's denial of back pay. On October 25, 1979, Peabody filed a second appeal seeking review of the amended KCHR order which granted reinstatement. All of these appeals were ultimately consolidated.

Prior to a decision by the Hopkins Circuit Court, the EEOC, on January 24, 1980, issued a Right to Sue letter to Maurya, and on April 16, 1980, Maurya filed this action in the District Court for the Western District of Kentucky.

On May 27, 1981, the Hopkins Circuit Court issued a judgment setting aside the two KCHR orders. Both orders were set aside because the court determined that Maurya had failed to file a complaint with the KCHR within 180 days of the alleged unlawful termination as is required by the applicable Kentucky statute. Ky.Rev.Stat. 344.200(1). On March 12, 1982, the Kentucky Court of Appeals affirmed the decision of the Hopkins Circuit Court, and on December 7, 1982, the Kentucky Supreme Court denied discretionary review.

After the Kentucky court proceedings were completed, Peabody filed for summary judgment in this case on the grounds of *res judicata.* On March 24, 1986, Peabody's motion was granted on the basis of the Kentucky judgment being *res judicata* of the issues presented for review in the federal Title VII action.

## II.

On appeal both sides devote their arguments solely to whether this was an appro-

priate fact situation for the application of the principle of *res judicata.*[3] Although we conclude that the Kentucky court's determination that Maurya's complaint was not timely filed with the KCHR is binding on us, we find that this begins the inquiry rather than ends it.

Title VII provides that if a claimant alleges employment discrimination in a state that has a state agency which can provide a remedy for such discrimination, the claimant cannot file with the EEOC until 60 days after he begins a proceeding before the state agency, unless the state proceedings terminate before the expiration of the 60 days. 42 U.S.C. § 2000e–5(c). Kentucky is such a "deferral state" as a result of its establishment of the KCHR. In deferral states a claimant who files a claim with the state agency is given 300 days to file his claim with the EEOC. 42 U.S.C. § 2000e–5(e); *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

In commenting on these Title VII requirements, the Seventh Circuit recently stated:

The combined effect of sections 2000e–5(c) and (e) is to require the victim of alleged discrimination to file charges with a state agency if he is in a deferral state, and to do so at least 60 days before the 300th day after the alleged discrimination occurred, for if he files later he will not be able to file a charge with the EEOC by the 300th day unless the state agency obligingly terminates the proceeding before then.

*Martinez v. United Automobile, Aerospace & Agricultural Implement Workers of America, Local 1373,* 772 F.2d 348, 350 (7th Cir.1985).

When Maurya filed his complaint with the EEOC, he would have been well within the 300–day requirement except for the fact that since he had not previously filed with the KCHR, his filing with the EEOC was ineffective until 60 days after he filed

---

**3.** There is no doubt that in appropriate circumstances a federal court will give preclusive effect to a decision of a state court which reviews a state administrative agency's determination of

an employment discrimination claim. *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

with the KCHR. This 60–day period did not begin to run until he did file with the KCHR on May 2, 1978. Thus, the effective date of the EEOC filing would be July 2, 1978, unless the KCHR terminated proceedings sooner than 60 days. Unlike the plaintiff in *Mohasco*, however, the July date presents no problem for Maurya because it only takes him to the 260th day of his 300–day filing period. The interesting question that this chronology does raise, however, is whether Maurya had 300 days to file with the EEOC in light of his failure to make a *timely* filing with the KCHR. Although the Supreme Court has never squarely ruled on this issue, they did indicate, at least in dictum in *Mohasco*, that a timely filing is not required. *See Mohasco*, 447 U.S. at 816 n. 19, 100 S.Ct. at 2492 n. 19.[4] More importantly, however, this circuit has specifically addressed the issue in at least two cases and has squarely concluded that a timely state filing is not required to give a claimant the benefit of the 300–day filing period with the EEOC. In a case arising in the Western District of Kentucky and involving the same Kentucky statutes and procedures we deal with here, we stated, "We therefore find that plaintiff Jones' action is not barred for failure to commence proceedings with the KCHR in a timely fashion under state law." *Jones v. Airco Carbide Chemical Co.*, 691 F.2d 1200, 1204 (6th Cir.1982). Referencing *Jones*, we later held in *Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614 (6th Cir.1983), *cert. denied*, 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 537 (1984):

Accordingly, we hold that deferral state claimants are not required to make a timely filing with the state agency before the federal 300 day filing period applies. All that is required is that a filing with the state agency be made with sufficient time to allow an effective filing with the EEOC within 300 days after the discriminatory act.

714 F.2d at 622.

The cases decided in this circuit reached this conclusion by making an analogy to the Supreme Court's decision in *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), a case involving not Title VII but the Age Discrimination in Employment Act of 1967. Although one may question, as did Judge Posner in *Martinez*,[5] the wisdom of this rule as well as the *Oscar Mayer* analogy, this panel is not free to do so as we are bound by *Jones* and *Rasimas*.[6]

In conclusion, then, we hold that Maurya made a timely filing within 300 days with the EEOC and that he is not penalized for failure to timely file with the KCHR. We do give preclusive effect to the Kentucky court's determination that Maurya did not timely file with the KCHR,[7] but find that this does not divest the district court below of jurisdiction, and thus we REVERSE and REMAND for further proceedings.[8]

ENGEL, Circuit Judge.

I respectfully dissent. My disagreement with the majority stems wholly from a dif-

---

**4.** For an interesting discussion of the reason why a timely filing should be required, see Judge Posner's opinion in *Martinez v. United Automobile, Aerospace & Agricultural Implement Workers of America, Local 1373*, 772 F.2d 348 (7th Cir.1985).

**5.** *See supra* note 4.

**6.** In neither *Jones* nor *Rasimas* were there state court proceedings. However, this difference is not meaningful since all that the state court proceedings here determined was that Maurya had not filed a timely petition before the state agency—a fact that was acknowledged in both *Jones* and *Rasimas*.

**7.** As he did in the court below, plaintiff continues to argue that he, in fact, made a timely filing with the KCHR. On this issue there is

complete preclusion as a result of the action of the Kentucky state courts.

**8.** Had plaintiff's state court action not been procedurally barred by his untimely filing with the KCHR, he could have suffered *claim* preclusion even if he had not specifically asserted his federal claim. *See Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). However, since plaintiff's access to the Kentucky courts was barred by his failure to first make a timely administrative filing, he had no opportunity to present his national origin discrimination claim. Under such circumstances, principles of res judicata are not applicable. *Whitfield v. City of Knoxville*, 756 F.2d 455 (6th Cir.1985).

ference in analysis of the question to be decided. If, as the majority suggests, the sole issue is one of timeliness, then surely the majority is right in holding that the timely filing with the state agency in a deferral state is not a jurisdictional prerequisite to filing a complaint before the EEOC. Likewise the majority would be correct in allowing a subsequent suit in federal district court under Title VII provided the claimant filed his complaint with the EEOC within the 300 days specified by statute. 42 U.S.C. § 2000e–5(e). Because plaintiff's complaint was filed 158 days after his termination the majority correctly holds that the EEOC and the district court had jurisdiction over his claim notwithstanding his untimely filing before the Kentucky Commission for Human Rights (KCHR). *Rasimas v. Michigan Department of Mental Health*, 714 F.2d 614, 620 (6th Cir.1983). In reaching the conclusion that the state court proceedings had no further significance in this litigation, however, the majority introduces into this appeal an issue which was raised by neither party nor by the district court. To the district court, to the parties, and to me the question is not one of timeliness before the EEOC under *Rasimas*, 714 F.2d at 622. The issue rather is whether the state court proceedings under the circumstances here operate as *res judicata* to bar further federal proceedings even though the ultimate judgment in the state proceedings was itself based upon a determination of untimeliness. The majority errs in disposing of this appeal on a ground not raised by the parties and not determinative of this court's jurisdiction since timeliness is not a jurisdictional question, *Zipes v. Trans World Airlines*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). It also errs in its failure to recognize the preclusive effects of the state court dismissal of Maurya's claim.

Underlying this case is the classic aphorism that hard cases make bad law. In a rather unexpected turn of events, a plaintiff who thought he had been successful on the merits and who was quite content to rely upon the administrative determination that his employer was guilty of discrimina-

tion, instead found that determination vacated and nullified by an adverse state court judgment based solely on his untimely filing before the KCHR. A defense of the dismissal ordered by the district court here and compelled in my view by case law is indeed difficult, but no more so than any case in which the merits are blocked by a procedural requirement.

The majority at least pays lip service to the principles of *res judicata* in footnotes 3, 6 and 8, and thus presumably it would not quarrel with the Supreme Court's holdings in *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), and our circuit's holding in *Cemer v. Marathon Oil Co.*, 583 F.2d 830 (6th Cir.1978). My point of difference with the majority concerns the importance accorded plaintiff's having done considerably more than file what was ultimately determined to be an untimely claim with the KCHR-plaintiff voluntarily proceeded to state court. No provision of Title VII requires a plaintiff to pursue in state court review of administrative action, but neither Title VII nor Supreme Court precedent "indicate[s] that the final judgment of a state *court* is subject to redetermination." *Kremer*, 456 U.S. at 469–70, 102 S.Ct. at 1891 (emphasis in original). Although Maurya obtained a generally favorable decision from the KCHR on the question of discrimination, he also appealed its order to the Ohio [County] Circuit Court, where he challenged the Commission's determination that he was entitled to reinstatement only and not to back pay. His employer cross-appealed, asserting that the action should be dismissed altogether because not timely under Kentucky law.

The state court judgment, to which the district judge gave preclusive effect, is therefore a judgment dismissing Maurya's claim because it was not timely filed and not because it lacked merit. Nonetheless, under Kentucky law as found by Judge Johnstone and not seriously disputed by the parties, as well as under the law of our

circuit, the termination of such litigation for being untimely acts as a determination on the merits and is therefore entitled to preclusive effect under 28 U.S.C. § 1738. Judge Johnstone correctly examined the legal significance of the state court dismissal and concluded that it barred continuation of the federal suit:

> Pursuant to Rule 41.01 [of the Kentucky Rules of Civil Procedure], a voluntary dismissal, whether by the plaintiff, by stipulation or by order of the court, constitutes a dismissal without prejudice. An involuntary dismissal, however, (other than one for lack of jurisdiction, improper venue, or failure to join a party) "operates as an adjudication upon the merits" and constitutes a dismissal with prejudice. Ky.R.Civ.P. 41.02(3). Dismissal of an action with prejudice precludes another action on the same matter. *Polk v. Wimsatt,* 689 S.W.2d 363, 365 (Ky. App.1985). The Final Judgment of the Hopkins Circuit Court ordered dismissal of Maurya's KCHR complaint *with prejudice.* Under Kentucky law, that judgment operates as a preclusive adjudication on the merits.

This case is unlike *Loudermill v. Cleveland Bd. of Educ.,* 721 F.2d 550 (6th Cir. 1983), *aff'd on other grounds,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), in which this court refused to grant preclusive effect to an Ohio state court dismissal of an appeal from an adverse administrative ruling. Ohio courts treat a failure to file a timely notice of appeal as a jurisdictional bar and not as an adjudication on the merits. In contrast, Kentucky expressly models its employment discrimination law on Title VII; the Kentucky court's direction to dismiss Maurya's claim "with prejudice" for untimeliness and not for lack of jurisdiction accords with *Zipes v. Trans World Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), in which the Supreme Court held that filing a timely charge of discrimination with the EEOC was not a jurisdictional prerequisite. The majority attempts to disregard the state court action on the basis that it was procedurally barred by the untimely filing before the KCHR. Neither the parties'

arguments nor Kentucky law supports that view.

The proposition is well entrenched both in Kentucky and in federal law that Maurya is now precluded from pursuing his federal claim since he initiated his litigation in the Kentucky courts and could have achieved the benefit of a successful result which would have been binding upon his employer. Although Maurya's initial resort to the KCHR could not deprive him of his right to a federal trial on his Title VII claim, this does not mean that the state court judgment can be disregarded. *Kremer,* 456 U.S. at 477–78, 102 S.Ct. at 1895. Section 1738 of Title 28, as interpreted in *Kremer,* requires us to treat the adverse state court judgment, though itself based upon an issue of timeliness, as *res judicata.*

I would accordingly AFFIRM the judgment of the district court.