921 F.2d 277
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward C. SLADE, Plaintiff-Appellant,
v.
MARTIN MARIETTA ENERGY SYSTEMS, INC., Defendant-Appellee.
 No. 90-5468.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1990.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se plaintiff appeals the district court's order granting defendant summary judgment on plaintiff's claims filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. Sec. 701, et seq.
 
 
 3
 Slade was employed by Union Carbide Corporation as a design engineer on January 10, 1977, and became an employee of defendant Martin Marietta Energy System, Inc. on April 11, 1984. On April 23, 1986, Slade applied for total and permanent disability benefits under defendant's non-contributory pension plan and for total and permanent disability benefits under its group life insurance plan. Slade was paid his full salary until he was officially terminated on October 31, 1986.
 
 
 4
 Slade filed the instant lawsuit claiming that he was terminated because of his age, his national origin, and a medical disability. The defendant filed a motion for summary judgment on November 27, 1989. The district court held that Slade's national origin and age discrimination claims were barred by his failure to timely comply with the provisions of 42 U.S.C. Sec. 2000e-5(e) and 29 U.S.C. Sec. 626(d)(2). See Maurya v. Peabody Coal Co., 823 F.2d 933, 934 (6th Cir.1987), cert. denied, 484 U.S. 1067 (1988), and Janikowski v. Bendix Corp., 823 F.2d 945, 947 (6th Cir.1987). The court also held that Slade was no longer qualified to perform his position of engineer for the defendant. See Hall v. United States Postal Service, 857 F.2d 1073 (6th Cir.1988).
 
 
 5
 Upon consideration, we conclude that summary judgment on Slade's claims was proper, as Slade did not establish the existence of evidence to support his case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Moreover, the additional arguments presented on appeal will not be addressed as they were not first presented in the district court for consideration. See Pinney Dock & Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 6
 The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit.