978 F.2d 1255
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carroll L. JOHNSON, Plaintiff-Appellant,
v.
The INJURED WORKERS' INSURANCE FUND, a/k/a Maryland State
Accident Fund, Defendant-Appellee.
 No. 91-2286.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 9, 1992
Decided: October 23, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Carroll L. Johnson, Appellant Pro Se.
 Evelyn Omega Cannon, Assistant Attorney General, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Carroll L. Johnson appeals the district court's order granting summary judgment to Defendant in this suit alleging various forms of employment discrimination.[1] We agree that Johnson has failed to submit evidence sufficient to raise a genuine issue of material fact for trial, and that Defendant was entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Accordingly, we affirm.
 
 
 2
 Johnson, a black male, has been employed by the State of Maryland's Injured Workers' Insurance Fund (IWIF)[2] since July 2, 1986. He has held the position of assistant underwriter since that time. Mark Marszal has served as the Director of Johnson's division since 1988. In May 1989, Marszal studied the work flow of his division. In an effort to expedite the complaint processing system, Marszal reassigned one of the underwriter supervisor's job duties to two assistant underwriters, including Johnson.
 
 
 3
 Johnson filed a charge with the Maryland Human Relations Commission (MHRC) on May 31, 1989, alleging discrimination based on race and sex.[3] Specifically, he alleged that he was discriminated against in the prior denial of a promotion to the position of underwriter supervisor on August 26, 1987, and in the reassignment of work in May of 1989. The MHRC found that there were legitimate nondiscriminatory reasons for Defendant's failure to promote and reassignment of work. Its finding of no probable cause to believe Johnson was the victim of discrimination was made on July 31, 1990.
 
 
 4
 On December 10, 1990, the Baltimore office of the EEOC issued its determination that the allegations did not establish a violation of the Equal Employment Opportunity Act. Its letter also advised Johnson of his right to sue in federal court within ninety days of the receipt of its determination.
 
 I.Denial of Promotion
 
 5
 Under Title VII, an aggrieved party generally has 180 days after the alleged unlawful employment practice to file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1988).
 
 
 6
 Johnson was notified of the denial of a promotion to the position of Accident Fund Underwriter Supervisor on August 26, October 21, and October 27, 1987. However, his charge was filed with the EEOC and the MHRC on May 31, 1989-nearly two years after Johnson's request for reclassification was denied. Therefore, this claim was untimely. While the timely filing of a charge is not jurisdictional, Johnson has alleged no facts warranting equitable tolling. Accordingly, we affirm the district court's dismissal of this claim. See Citicorp Person-To-Person Fin. Corp. v. Brazell, 658 F.2d 232, 234 (4th Cir. 1981).
 
 II.Job Assignments
 
 7
 Johnson claims he was discriminated against based on sex and race in the assignment of jobs. However, the record reveals that the additional work assignments were given to employees who had the lightest work load and who could perform the extra work. Of the workers with lighter workloads than Johnson, one could not be assigned additional work due to her responsibility for handling walk-in customers. Another, a black male, was also assigned additional work, without complaint. One worker only had four months experience and was having difficulties keeping up with the workload she had. These facts as presented by Defendant constitute legitimate nondiscriminatory reasons for Defendant's actions.
 
 
 8
 Because Johnson failed to show that these reasons were pretextual, the district court properly dismissed this claim. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981).
 
 III.Harassment and Retaliation Claim
 
 9
 To state a prima facie case of retaliation in violation of 42 U.S.C. § 2000e-3(a) (1988), a plaintiff must show (1) he was engaged in protected activity, (2) the employer took adverse employment action against him, and (3) a causal connection between the protected activity and the adverse action. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985). The sequence of proof and burdenshifting articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies.
 
 
 10
 Johnson claims that he was suspended from work in retaliation for his filing a claim with the EEOC. However, it is undisputed that all of the suspensions took place prior to his filing the complaint. Therefore, summary judgment was proper as to this aspect of the retaliation claim.[4]
 
 
 11
 Johnson further claims that he was subject to one instance of verbal harassment in retaliation for filing a complaint. He admits that the comment was made in a joking manner. We fail to see how this comment constitutes harassment in light of the fact that Johnson received every benefit and raise to which he was entitled since the time he filed his claim. He also states that his time sheets do not correspond to his pay stub and that the discrepancy is further evidence of retaliation and harassment. There was no material issue of fact for trial, however, because Johnson failed to make out a prima facie case of retaliation.
 
 
 12
 To the extent Johnson is attempting to state a claim of hostile or abusive work environment, he did not raise a material factual issue that the actions complained of were "sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.' " Meritor Sav. Bank v. Vinson, 477 U.S. 57, 67 (1986) (quoting Henson v. Dundee, 682 F.2d 897, 904 (11th Cir. 1982)). Accordingly, we affirm the dismissal of this aspect of the complaint.
 
 IV.Other Claims
 
 13
 Johnson also alleges violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (1988). However, he failed to establish a genuine issue of fact supporting a claim that he was paid less than members of the opposite sex for equal work and therefore, his claim must fail.
 
 
 14
 We affirm the district court's dismissal of Johnson's state law claim of forgery and falsification of employment records, his claim under the Maryland Governor's Executive Order Code of Fair Practices of 1987, as amended 1988, and his claim of deprivation of the right to file a state workers' compensation claim based on the Eleventh Amendment. See Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89 (1984).
 
 V.Conclusion
 
 15
 For the reasons stated, we affirm the district court's order dismissing this case and deny Johnson's motions for summary reversal and for default judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The district court considered documents attached to the pleadings, which converted Defendant's motion to dismiss into one for summary judgment under Fed. R. Civ. P. 56. See Fed. R. Civ. P. 12(b)(6)
 
 
 [2]
 IWIF, previously the State Accident Fund, was created as a state-run insurance fund pursuant to Md. Labor & Employment Code Ann. §§ 10-104 to 141 (1991 Repl. Vol.)
 
 
 [3]
 Plaintiff checked a box provided on the Maryland charge form indicating that he wished the charge also to be filed with the EEOC
 
 
 [4]
 We note that even if the allegation regarding suspension meets the requirements for a prima facie case of discrimination or retaliation, Defendant presented evidence showing a state-wide policy regarding tardiness at work, and submits that Johnson's frequent lateness was the sole reason for his suspension. Johnson admits to frequently being late. This legitimate business reason fulfills Defendant's burden of rebutting any inference of unlawful discrimination. Moreover, Johnson has presented no evidence that the reason given by Defendant is pretextual. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. at 253