Lucinda S. WATSON and Ana Lil
Remond–Rodriguez, individually,
Plaintiffs,

v.

BALLY MANUFACTURING CORPORA-
TION, a Delaware Corporation, and
Scandinavian Health Spa, Inc., an Ohio
Corporation, Defendants.

No. 92–2898–CIV.

United States District Court,
S.D. Florida.

Sept. 29, 1993.

---

Robert E. Weisberg, Law Offices of Robert E. Weisberg, Coral Gables, FL, Scott J. Jontiff, Miami Beach, FL, for plaintiffs.

Mark E. Zelek, Morgan Lewis & Bockius, Miami, FL, Thomas H. Barnard, Linda E. Tawil, Steven K. Aronoff, Duvin, Cahn & Barnard, Cleveland, OH, for defendants.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court on Defendants' Motion to Dismiss, filed on March 3, 1993. Plaintiffs on April 6 filed a Memorandum in Response to Defendants' Motion to Dismiss. On May 4, the Court granted Defendants' request to file a Reply brief.

Defendants, in their Motion to Dismiss, have requested that this Court dismiss:

(1) those claims in Count I (claiming violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.) which were not alleged in Plaintiffs' original EEOC charges and/or which pertain to events occurring outside the 300–day time limit to file an EEOC charge;

(2) Count II (alleging intentional infliction of emotional distress) in its entirety;  and

(3) Count III (alleging negligence) in its entirety.

I.  *Plaintiffs' Title VII Claims Which Were Not Set Forth In Plaintiffs' EEOC Charges and/or Were Not Brought Within 300 Days of the Incidents*

Defendants urge this Court to Dismiss those Title VII claims which were not enumerated in Plaintiffs' EEOC charges and/or were not brought within 300 days of the allegedly discriminatory incidents.

A.  *Are Plaintiff Watson's Allegations of Harassment by Mark Seaman Barred Because They Were Not Enumerated in the Administrative Charge Filed with the EEOC?*

Defendants ask this Court to dismiss Plaintiff Watson's allegations of harassment by Mark Seaman on the grounds that these allegations were not contained in Plaintiff's charges filed with the EEOC.

■ It is well settled that a Title VII action will be limited to those issues within the scope of the administrative investigation which grows, or which could reasonably be expected to grow, out of the administrative charge of discrimination.  *See, e.g., Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir.1970); *Gamble v. Birmingham Southern Railroad Co.,* 514 F.2d 678 (5th Cir.1975). The issue, then, is whether Plaintiff Watson's allegations of harassment by Seaman meet this criterion.

In *Montgomery v. Atlanta Family Restaurants, Inc.,* 752 F.Supp. 1575 (N.D.Ga.1990), the defendant contended that the administrative charge, in contrast with the judicial complaint, contained no claims of discrimination in hiring, promotion, transfer, training, assignment, harassment, retaliation, racial slurs, or negative references. In deciding that these claims contained in the plaintiff's complaint were sufficiently related to the allegations enumerated in her EEOC charges, the district court examined the actual scope

of the EEOC investigation. The court stated, "[T]he determination of the EEOC indicates that the commission investigated claims of discriminatory promotion, demotion, harassment, and negative references. Thus, [the] plaintiff's disparate treatment claims are not beyond the scope of her EEOC charge." *Id.* at 1581.

In the case at hand, Plaintiff Watson contends that the EEOC extensively investigated the discriminatory conduct by Seaman. Pls.' Response, p. 4, n. 2.[1] The burden will be on Plaintiff to substantiate this representation, but, for purposes of ruling on the instant Motion to Dismiss, this averment will be accepted as true. Therefore, Plaintiff's allegations of harassment by Seaman will not be dismissed on the grounds that they were not explicitly enumerated in Plaintiff's administrative charges filed with the EEOC.

B.  *Are Plaintiff Watson's Claims that She Was Improperly Transferred from Ohio to Florida and that Mark Seaman Verbally Harassed Her Barred Because the 300–day Filing Period Had Expired?*

Defendants urge this Court to dismiss Plaintiff Watson's claims that she was improperly transferred from Ohio to Florida and that she was the victim of verbal harassment by Mark Seaman. Defendants argue that these claims are barred because they occurred more than 300 days prior to the filing of Plaintiff's EEOC charges.

Because Florida has a state administrative agency dealing with issues of discrimination, it is considered a deferral state. Consequently, under Title VII, the time limit in Florida in which to file a discrimination charge after an allegedly unlawful practice or incident is 300 days. 42 U.S.C. § 2000e–5(e); *Jackson v. Ohio Bell Telephone Co.,* 555 F.Supp. 80 (S.D.Ohio 1982).

In the Eleventh Circuit, the most important factor in determining when the 300–day statute of limitations begins to run is whether the act was sufficiently permanent in nature to "trigger an employee's awareness of and duty to assert his or her rights, or which should indicate to the employee that the continued existence of the adverse consequences of the act is to be expected without being dependent on a continuing intent to discriminate[.]" *Berry v. Board of Supervisors of L.S.U.,* 715 F.2d 971, 981 (5th Cir.1983); see also *Roberts v. Gadsden Memorial Hosp.,* 850 F.2d 1549, 1550, *altering on recons.* 835 F.2d 793 (11th Cir.1988) (holding that a plaintiff's claim was time-barred because he was aware he had been discriminated against at the time of the incident and knowingly failed to exercise his rights, and stating, "A claim arising out of an injury which is 'continuing' only because a putative plaintiff knowingly fails to seek relief is exactly the sort of claim that Congress intended to bar by the ... limitation period.") Thus, if the significance of the act and the invidious motivations behind it only become apparent with the passage of time and the occurrence of additional incidents, then one cannot say the employee should be required to have asserted his rights soon after the occurrence of the act in question.

■  In the instant case, the allegedly improper transfer from Ohio to Florida is not the type of act that would appear to alert an employee to his duty to assert his rights. Therefore, it should not be disposed of on this Motion to Dismiss.

■  Defendants also argue that Plaintiff Watson's allegations of verbal harassment by Mark Seaman should be barred because the incidents occurred more than 300 days prior to Plaintiff's filing of her EEOC charges. In support of this argument, Defendants contrast the date in paragraph 15 of the Complaint, which alleges that Mark Seaman began to harass Plaintiff Watson in or about March of 1990, with the date of Plaintiff's first discrimination charge, which was filed on March 19, 1991. Because March 19, 1991 is more than 300 days after March 1990, Defendants argue that this allegation should be dismissed.

---

1.  "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." 5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1357 (1990).

Defendants apparently have overlooked the fact that in that paragraph, Plaintiff has alleged that March 1990 marks the *beginning* of a "relentless pattern of harassment". Since the actions allegedly continued into the 300–day period, Plaintiff Watson's claims of verbal harassment would not properly be dismissed on these grounds.

### C. Plaintiff Remond–Rodriguez' Claim that She Was Harassed by Mark Seaman

As with Plaintiff Watson's claims of verbal harassment by Mark Seaman, Defendants argue that Plaintiff Remond–Rodriguez' claims of harassment by Seaman are barred by the 300–day statute of limitations. Again, Defendants have apparently overlooked the fact that the Complaint alleges that March 1990 merely marks the *beginning* of a "relentless pervasive pattern" of harassment. Since the abuse is alleged to have continued into the 300–day period preceding Plaintiff Remond–Rodriguez' filing of her EEOC charge, her claim of harassment by Mark Seaman would not properly be dismissed on these grounds.

### II. Plaintiffs' Claims for Intentional Infliction of Emotional Distress

█ Defendants urge this Court to Dismiss Count II of the Complaint on the grounds that Plaintiffs' claim for intentional infliction of emotional distress fails as a matter of law under Florida law.

The Florida Supreme Court has recognized the tort of intentional infliction of emotional distress, and has adopted Section 46 of the Restatement (Second) of Torts ("Restatement") as the proper definition of that tort. *Metropolitan Life Ins. Co. v. McCarson,* 467 So.2d 277, 278–79 (Fla.1985). Under Florida law a plaintiff must prove four elements in order to recover for intentional infliction of emotional distress: "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe." *Hart v. United States,* 894 F.2d 1539, 1548 (11th Cir.1990) (citing *McCarson,* 467 So.2d at 278, and *Dominguez v. Equitable Life Assur. Soc.,* 438

So.2d 58, 59 (Fla.Dist.1983)); *see also Miranda v. B & B Cash Grocery Stores Inc.,* 1990 WL 107559 at *2, 1990 U.S.Dist. LEXIS 9350, at *4 (M.D.Fla. May 4, 1990).

The Florida Supreme Court has qualified the scope of the tort by quoting approvingly of the following comments to the rule:

> d. *Extreme and outrageous conduct* ..... It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*McCarson,* 467 So.2d at 278–79 (quoting Restatement at § 46).

The Middle District of Florida recently surveyed Florida case law and concluded:

> To date, no Florida court has found that any plaintiff has stated a cause of action for this tort in the employment context. In fact, courts have rejected claims for intentional infliction of emotional distress in circumstances involving alleged sexual harassment, intentional race discrimination, and verbal abuse on the part of the employer....
>
> Federal courts in this circuit have been equally unwilling to find a cause of action for this tort in the employment context. See *Studstill v. Borg Warner Leasing,* 806 F.2d 1005, 1008 (11th Cir.1986) (no cause of action in tort when plaintiff alleged verbal sexual harassment); *Fowler v. Taco Viva, Inc.,* 646 F.Supp. 152, 158 (S.D.Fla. 1986) (allegations of malice in employer's slanderous statements, intentional race discrimination in employment decisions,

and harassment held insufficient to state a cause of action).. . .

"Cases in which Florida courts have found [a] plaintiff stated a cause of action for intentional infliction of emotional distress have typically involved intentional attempts to coerce action on the part of the plaintiff through threats and fraudulent conduct, closely akin to extortion."

*B & B Cash Grocery Stores,* 1990 WL 107559 at *3, 1990 U.S.Dist. LEXIS 9350 at *6–*7 (some citations omitted).

Florida courts have indeed construed the parameters of this cause of action extremely narrowly. Defendants in their Motion to Dismiss have pointed to numerous cases involving allegations of reprehensible actions where the state courts have refused to permit a claim for intentional infliction of emotional distress. *See, e.g., Scheller v. American Medical International, Inc.,* 502 So.2d 1268 (Fla.Dist.Ct.App.1987); *Lay v. Roux Laboratories, Inc.,* 379 So.2d 451 (Fla.Dist. Ct.App.1980); *Food Fair, Inc. v. Anderson,* 382 So.2d 150 (Fla.Dist.Ct.App.1980).

Whether a claim for intentional infliction of emotional distress will be upheld is highly dependent on the allegations in the particular case. It is clear that in the instant case, the allegations, accepted as true for the purposes of the instant Motion, do not rise to the level necessary to support a claim for intentional infliction of emotional distress under Florida law. Accordingly, they will be dismissed.

### III.  Plaintiffs' Claim for Negligence

■■  Finally, Defendants urge this Court to dismiss Count III of Plaintiffs' Complaint, which alleges negligent hiring and retention of Mark Seaman. Defendants argue that this claim for negligence is not a cause of action, or, alternatively, that it is preempted by the workers' compensation statutes.

Under Florida common law, employers can be held liable for negligent hiring or retention of an employee. *See, e.g., Tallahassee Furniture Co. v. Harrison,* 583 So.2d 744, 750 (Fla.Dist.Ct.App.1991) ("The concept of employer liability for negligent hiring or retention of an employee is not of recent vintage in the law of Florida, having found clear

expression at least by 1954 . . ."). In Florida, negligent retention of an employee "occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicate his unfitness, but the employer fails to take further action, such as investigation, discharge, or reassignment." *Id.* at 753 (citation omitted).

Plaintiffs have adequately alleged this element in paragraphs 39–41 of the Complaint. Plaintiffs claim that Defendants were aware of the unlawful actions of Mark Seaman and failed to take action to protect Plaintiffs.

In addition, the Florida Supreme Court has held that "[t]he clear public policy emanating from federal and Florida law holds that an employer is charged with maintaining a workplace free from sexual harassment." *Byrd v. Richardson–Greenshields Sec., Inc.,* 552 So.2d 1099, 1104 (Fla.1989). Plaintiffs have also alleged a failure by Defendants in this respect. In paragraph 37 of the Complaint, Plaintiffs claim that Defendants breached their duty to provide a safe working environment, free from harassment, verbal threats, and physical assaults.

This District has recognized that Florida worker's compensation laws do not preempt these negligence claims. In *Gomez v. Metro Dade County,* 801 F.Supp. 674, 683 (S.D.Fla. 1992), the court stated, "[I]n light of the strong public policy against sexual harassment in the workplace, this Court interprets *Byrd* as holding that the exclusivity rule of the workers' compensation statute does not bar [the plaintiff's] claim of negligent retention and supervision."

Defendants argue in their Reply brief that Plaintiffs have not submitted evidence sufficient to sustain the claim of negligent hiring or retention. *See* Defs.' Reply, p. 5 ("Nowhere have Plaintiffs demonstrated that . . ."; "As there is no evidence . . ."). Defendants' objections perhaps would be appropriate in a motion for summary judgment, but in the instant Motion to Dismiss, the Court is asked to determine the legal validity and permissibility of the claim and the sufficiency of the allegations—not the sufficiency of the evidence. As has been pointed out above, Plaintiffs have adequately pleaded the

elements necessary to sustain a claim of negligent retention; this claim, therefore, will not be dismissed.

### IV. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully informed in the premises, it is

ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss be, and the same is hereby, GRANTED IN PART and DENIED IN PART. As set forth in detail above, Plaintiff Watson's claims of harassment by Mark Seaman are ALLOWED. Plaintiff Watson's claim that she was improperly transferred from Ohio to Florida is ALLOWED. Plaintiff Remond–Rodriguez' claim that she was harassed by Mark Seaman is ALLOWED. Plaintiffs' claim for intentional infliction of emotional distress is DISMISSED. Plaintiffs' claim for negligent retention is ALLOWED.

DONE and ORDERED in Chambers at the United States District Courthouse, Federal Justice Building, Miami, Florida, this 29th day of September 1993.