Shanna Anne–Marie WALKER,
Plaintiff,

v.

Andre PRIETO, individually and Miami–Dade County, a political subdivision of the State of Florida, Defendant.

No. 05–21950CIV.

United States District Court,
S.D. Florida.

Feb. 3, 2006.

Curt David Obront, Paul A. McKenna, McKenna & Obront, Miami, FL, for Plaintiff.

Craig Edward Leen, Dade County Attorney's Office, Miami, FL, for Defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Officer Prieto's Motion to Dismiss Counts I and III of the Second Amended Complaint (DE # 31).

UPON CONSIDERATION of the motion and being otherwise fully advised in the premises, the Court enters the following Order:

## BACKGROUND

Plaintiff, Shanna Anne–Marie Walker is a resident of Dade County, Florida. Second Am. Compl. at ¶ 4. Defendant Andre Prieto ("Prieto") was employed as a police officer for Miami–Dade County Police Department. *Id.* at ¶ 5. Plaintiff sues Defendant Prieto in his individual capacity. *Id.* at ¶ 7. Defendant Miami–Dade County ("MDPD") is a political subdivision of the State of Florida and is responsible for providing law enforcement in and for Miami–Dade County, Florida. *Id.* at ¶ 6. MDPD employed Defendant Prieto as a police officer. *Id.* at ¶ 6.

Plaintiff alleges that on or about July 5, 2004, Plaintiff, an African–American female, was stopped for allegedly "following to closely" to the vehicle in front of hers—a non-criminal traffic infraction. *Id.* at ¶ 8. Plaintiff possessed a valid Florida driver's license, valid registration and rental contract for the van she was driving. *Id.* at ¶ 10–11. Plaintiff presented all of these items to Defendant Prieto. *Id.* at ¶ 10–11. Defendant Prieto subsequently told Plaintiff that she was under arrest for a bench warrant issued on February 17, 2004 for no valid driver's license. *Id.* at ¶ 12. Defendant Prieto arrested Plaintiff "based on a purported verbal communication from his dispatcher saying that there was a 'hit' for a bench warrant for no valid driver's license." 786.28 Notice at 1. Plaintiff pro-

tested and told Defendant Prieto that she possessed a valid driver's license, which she had displayed to Defendant Prieto. Second Am. Compl. at ¶ 12. Plaintiff further stated that she had never failed to appear in court and had never been arrested. *Id.* Plaintiff told Defendant Prieto that she was the manager of a Walgreen's and that there was no possibility that a bench warrant had been issued for her. *Id.* Plaintiff alleges that Defendant Prieto ignored her protestations of innocence as well as the existence of her valid Florida driver's license. *Id.* Defendant Prieto called for two additional backup officers, who arrived in separate vehicles. *Id.* at ¶ 13. Plaintiff alleges that the backup vehicles were equipped with law enforcement computers which could be used to verify bench warrants and driver's licenses. *Id.* Plaintiff further alleges that Defendant Prieto did not request any verification. *Id.* at ¶ 14. Defendant Prieto handcuffed Plaintiff and transported her to the Dade County Jail where she was booked and processed. *Id.* at 16. Plaintiff alleges that there was never any warrant issued for Plaintiff. *Id.* at ¶ 15. Rather, there was a warrant issued for Shanteria Trecie Walker, an individual who did not have a valid Florida license and who had a different address from Plaintiff. *Id.* Plaintiff alleges that despite the fact that the outstanding warrant was for Shanteria Trecie Walker, Plaintiff was booked and processed under her actual name using the biographical information on her valid Florida driver's license, including her Florida driver's license number. *Id.* at ¶ 17. All of this information was placed on the Arrest Affidavit by Defendant Prieto. *Id.* Defendant Prieto did not write anything in the "alias" section of the Arrest Affidavit. *Id.*

Plaintiff alleges that after being booked at the Dade County Jail she was transferred to the Women's Detention Center where she was subject to a humiliating strip search. *Id.* at ¶ 18. Plaintiff was released the following morning after her bail was posted. *Id.* Plaintiff was subsequently prosecuted for "the crime of no driver's license." *Id.* at ¶ 19. Plaintiff's Motion to Dismiss Based on Arresting the Wrong Citizen on a Bench Warrant was granted on October 13, 2004 after the state nolle prosequied the charges against Plaintiff. *Id.*

Plaintiff brings a three Count complaint against Defendants Prieto and MDPD. In Count I Plaintiff alleges that Defendant Prieto violated Plaintiff's rights under the Fourth Amendment of the United States Constitution and under 42 U.S.C. § 1983, Plaintiff alleges that Defendant Prieto proximately caused her unlawful arrest and detention in the absence of probable cause. *Id.* at ¶ 23. Furthermore, Plaintiff alleges that even if Plaintiff's initial arrest was supported by probable cause, the arrest continued even though Defendant Prieto knew that exculpatory evidence negated any probable cause. *Id.* at ¶ 24. In Count II Plaintiff alleges a claim for false arrest and false imprisonment against Defendant MDPD. In Count III Plaintiff alleges a claim for malicious prosecution against Defendant Prieto.

## DISCUSSION

### A. *Motion to Dismiss Standard*

Pursuant to Fed.R.Civ.P. 12(b)(6), a motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). On such a motion to dismiss, the Court notes that it must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir. 1988). Consideration of matters beyond the complaint is improper in the context of a motion to dismiss under Fed.R.Civ.P.

12(b)(6). *Milburn*, 734 F.2d at 765. The Court must, "[a]t this stage of the litigation, ... accept [the plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (citations omitted); *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir.1996).

■ However, in § 1983 actions where government officials sued in their individual capacities have raised the defense of qualified immunity, the Eleventh Circuit has "tightened" the pleading requirements. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir.1998). In *Oladeinde v. City of Birmingham*, the Eleventh Circuit held that in cases where qualified immunity is implicated, "some factual detail is necessary, especially if [the court is] to be able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred." 963 F.2d 1481, 1485 (11th Cir.1992). "More than mere conclusory notice pleading is required.... [A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir.1984). Accordingly, in determining whether a plaintiff has stated a § 1983 claim against a defendant in his or her individual capacity, courts must be "guided both by the regular 12(b)(6) standard and by the heightened pleading requirement." *GJR Investments*, 132 F.3d at 1367.

**B.** ***Qualified Immunity and False Arrest (Count I)***

■ Count I of Plaintiff's Amended Complaint alleges a claim for false arrest in violation of 42 U.S.C. § 1983. Plaintiff alleges: (1) that at the time of the traffic stop, Plaintiff was not violating any traffic laws, including but not limited to "following too closely"; (2) that at the time of the traffic stop Plaintiff possessed a valid Florida driver's license, a valid registration and rental contract for the van, all of which were presented to Defendant Prieto; (3) that there was never any outstanding arrest warrant for Plaintiff and that the outstanding warrant was for an individual named Shateria Tracie Walker who had no valid Florida driver's license, had a different first name, middle name and different address than Plaintiff; and (4) Defendant Prieto willfully ignored Plaintiff's protestations as well as the exculpatory evidence presented to him, handcuffed her and transported her to Dade County Jail where she was booked and processed. Second Am. Compl. at ¶¶ 9–16. Defendant Prieto argues that he is immune from suit based on the doctrine of qualified immunity. Mot. to Dismiss at 3–5.

■ While qualified immunity is typically addressed at the summary judgment stage of the case, the defense may be raised and considered on a motion to dismiss. *Williams v. Ala. State Univ.*, 102 F.3d 1179, 1182 (11th Cir.1997). The motion will be granted if the "complaint fails to allege the violation of a clearly established constitutional right." *Id.* Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

■ To receive qualified immunity, the public official "must first prove that he was

acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir.2002). It is undisputed that Defendant Prieto was acting within the scope of his employment as a police officer when he arrested Plaintiff. The burden thus shifts to Plaintiff to show that qualified immunity is not appropriate. *Ferraro,* 284 F.3d at 1194.

To evaluate a claim of qualified immunity the Court must first determine whether the alleged facts show that the defendant's conduct violated the plaintiff's constitutional right. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.; GJR Invs., Inc.,* 132 F.3d at 1366–67 ("If a plaintiff has not sufficiently alleged a violation of any constitutional right, it is axiomatic that the plaintiff likewise has failed to allege the violation of a 'clearly established' right."). However, if the Court finds that a constitutional right has been violated, it must then determine whether that right was "clearly established." *Id.* To determine whether the law is "clearly established," the standard is not whether preexisting law provides a set of "materially similar" facts, but "whether the state of the law [at the time in question] gave [the defendants] fair warning that their alleged [conduct] was unconstitutional." *Hope v. Pelzer,* 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002).

Defendant Prieto asserts that he had probable cause to arrest Plaintiff and therefore the arrest was constitutional. The Fourth Amendment is violated by an arrest without probable cause. *See, e.g., Lowe v. Aldridge,* 958 F.2d 1565, 1570 (11th Cir.1992). The appropriate inquiry for qualified immunity is not whether there was probable cause, but whether there was "arguable" probable cause to arrest. *See, e.g., Swint v. City of Wadley, Ala.,* 51 F.3d 988, 996 (11th Cir.1995). In other words, we "must determine whether reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest...." *Von Stein,* 904 F.2d at 579; *see also Moore v. Gwinnett County,* 967 F.2d 1495, 1497–98 (11th Cir.1992). In the instant case, Plaintiff Shanna Anne–Marie Walker was arrested based on an outstanding bench warrant issued for Shateria Tracie Walker. Plaintiff, however, has not challenged the validity of the warrant pursuant to which she was arrested and thus the Court presumes that the warrant was facially valid.

In *Rodriguez v. Farrell,* 280 F.3d 1341 (11th Cir.2002) the Eleventh Circuit, citing to *Hill v. California,* 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971), discussed the standard to be applied in a qualified immunity analysis where a mistaken arrest is made based on a facially valid warrant. In *Hill v. California,* 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971), the Supreme Court determined, in a criminal case, that the mistaken arrest of one person (for whom no probable cause to arrest existed) based upon the misidentification of that person as a second person (for whom probable cause to arrest existed) did not violate the Constitution. The Court held that "when the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." 401 U.S. at 802, 91 S.Ct. 1106 (alteration in original).

The Eleventh Circuit held that "[t]he same 'reasonable mistake' standard applies (1) in the context of a section 1983 action and (2) when the police have a valid war-

rant—as opposed to just probable cause— to arrest someone, but mistakenly arrest someone else due to a misidentification." *Rodriguez*, 280 F.3d at 1346. It is therefore, for this Court to determine as a legal matter whether Defendant Prieto's mistaken arrest of Plaintiff—pursuant to the execution of a valid arrest warrant for a different individual—was outside the scope of "reasonable mistakes." *Id.* The court "must evaluate the totality of the circumstances surrounding the arrest to determine its reasonableness." *Rodriguez*, 280 F.3d at 1347 (internal citations omitted).

In the instant case, Plaintiff alleges that Defendant Prieto's arrest was outside the scope of "reasonable mistakes" because she told Defendant Prieto that she possessed a valid driver's license issued on August 25, 2000 and she displayed the license, thus she could not be the subject of a February 17, 2004 bench warrant issued for no valid license. Additionally, although the backup vehicles contained computers on which, according to Plaintiff, Defendant Prieto could have verified the name on the bench warrant and Plaintiff's driver's license, Defendant Prieto did not perform any such verification.

Plaintiff's allegations, that she provided Defendant Prieto with exculpatory information which he failed to consider and that Defendant Prieto did not verify the warrant information provided to him by his dispatcher, are not sufficient to state a cause of action against Defendant Prieto for a Fourth Amendment violation. In *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433(1979), the Supreme Court addressed the constitutionality of the arrest and detention of a plaintiff resulting from the plaintiff being mistakenly identified as the person for whom the arrest warrant was issued. The Fifth Circuit had held that "the sheriff or arresting officer has a duty to exercise due diligence in making sure that the person arrested and detained is actually the person sought under the warrant and not merely someone of the same or a similar name." *Id.* at 146, 99 S.Ct. 2689 (citing 575 F.2d 509, 513 (5th Cir.1978)). The Supreme Court reversed the Fifth Circuit, holding that "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles. Just as [medical] malpractice does not become a constitutional violation merely because the victim is a prisoner, false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official." *Id.* at 146, 99 S.Ct. 2689. (internal citations omitted). The Court found that the plaintiff had not been deprived of any rights secured under the United States Constitution, and had no claim cognizable under § 1983.

More recently, the Eleventh Circuit in *Rodriguez v. Farrell*, 280 F.3d 1341, 1348 n. 15 (11th Cir.2002), noted that "[a]rresting police officers need not act as judges determining ultimate facts .... There are limits on how much independent investigating an officer must make before executing an arrest warrant, even when the arrested person is asserting a claim of mistaken identity ... Furthermore, the circumstances that justify a lawful arrest also justify a brief detention incident to the arrest." "The question is not whether the police could have done more; but whether they did just enough." *Id.* The court explicitly noted that an arresting officer is "not obligated to accept plaintiff's statements [of mistaken identity] as true." *Id.*

In the instant case, Plaintiff Shanna Anne–Marie Walker and Shanteria Trecie Walker, the individual named in the warrant, were both African–American females of similar height, had similar first names,

the same last name and the same date of birth, August 29, 1970.[1] According to Plaintiff's pleadings, Defendant Prieto executed the arrest based on information communicated to him by the police dispatcher who informed Defendant Prieto that there was an active warrant for the arrest of Plaintiff. Plaintiff does not allege that Defendant Prieto was aware, at the time of the arrest or at any time thereafter, that the bench warrant had been issued for Shanteria Trecie Walker and not Shanna Anne–Marie Walker. The Court finds that under the circumstances alleged in the Second Amended Complaint, it was reasonable for Defendant Prieto to take Plaintiff into custody. Defendant Prieto was under no obligation to do otherwise and it cannot be said that no reasonable officer would have made the same choice under the same circumstances.

Moreover, this Circuit has yet to address the reasonableness and thus constitutionality of relying on the statement of a dispatcher that a bench warrant for an individual is outstanding. Thus, the state of the law in this Circuit at the time of Plaintiff's arrest could not have given Defendant Prieto fair warning that his alleged conduct was unconstitutional. *See Hope v. Pelzer*, 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). Accordingly, the Court concludes that Defendant

Prieto is entitled to qualified immunity as to Count I of the Second Amended Complaint. Count I is therefore DISMISSED.[2]

Upon dismissal of Count I of Plaintiff's Second Amended Complaint, which alleged a civil rights violation under 42 U.S.C. § 1983, the only causes of action remaining are state law claims of false arrest, false imprisonment and malicious prosecution. Absent an independent basis for federal jurisdiction, the state law claims can only be maintained through the district court's discretion to exercise supplemental jurisdiction. 28 U.S.C. §§ 1367(c)(3). As explained in this Order, no federal civil rights claims remain pending. Therefore, it is within this Court's discretion to dismiss the state law claims. Therefore, Counts II and III are DISMISSED. Accordingly, based on the foregoing, it is

ORDERED AND ADJUDGED that Officer Prieto's Motion to Dismiss Counts I and III of the Second Amended Complaint (DE # 31) is GRANTED. It is further

ORDERED AND ADJUDGED that the Clerk of Court is directed to CLOSE this case. All pending motions not otherwise ruled upon are DENIED as moot.

1. Defendant Prieto has attached, as exhibits to his motion to dismiss, a copy of Plaintiff's Fla. Stat. 786.28(a) Notice, a copy of the Arrest Affidavit, a copy of Plaintiff's license, and a copy of Shanteria Trecie Walker's Traffic Citation. Each of these items are matters of public record and thus may be considered by the Court. *Watson v. Bally Mfg. Corp.*, 844 F.Supp. 1533, 1535 n. 1 (S.D.Fla.1993), *aff'd*, 84 F.3d 438 (11th Cir.1996) ("In determining whether to grant a Rule 12(b)(6) motion, the Court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.")

2. Alternatively, Plaintiff argues that even if Plaintiff's initial arrest was supported by probable cause, the arrest continued even though Defendant Prieto knew that exculpatory evidence negated any probable cause. However, as alleged by Plaintiff, the facts that make up the basis of this alternative argument are identical to the facts underlying Plaintiff's argument as to the unconstitutionality of the initial arrest and are insufficient to state a constitutional violation. Plaintiff does not allege that after the arrest Defendant Prieto was in possession of additional exculpatory evidence, *i.e.*, that the arrest warrant had been issued for Shanteria Trecie Walker and not Plaintiff.