[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12520
Non-Argument Calendar
_____

D. C. Docket No. 05-23079-CV-CMA

PAUL SOSA,

Plaintiff-Appellee,

versus

PETER HAMES, Detective,
et al.,

Defendants,

OFFICER TORRES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 28, 2007)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Officer Torres ("Torres") appeals the district court's order denying his motion to dismiss Paul Sosa's ("Sosa's") complaint. Torres argues that he is entitled to qualified immunity as to Sosa's claims for wrongful arrest and excessive force under 18 U.S.C. § 1983.[1]

## Background

Sosa filed a complaint against Torres and other Miami-Dade County officials asserting a federal claim for civil rights violations under § 1983 and a state claim for malicious prosecution. The allegations stem from events that took place at Sosa's home on October 5, 2004. Pursuant to a warrant, Torres, along with other officials, conducted a search of Sosa's home, allegedly causing damage to the home's security cameras and front gate in the process. After learning that his alarm had been set off, Sosa returned home. Upon his arrival, Sosa remained in his vehicle. Sosa alleges that Torres and another officer forcefully dragged him from his vehicle, throwing him to the ground, breaking his glasses and causing him physical injury. Torres and another officer arrested Sosa for resisting arrest without violence. Sosa claims that Torres did not have a warrant or probable cause or any legal basis to arrest him. Sosa was taken to the hospital as a result of the

[1]We previously dismissed Torres's appeal of the district court's order denying his motion to dismiss on official sovereign immunity pursuant to Fla. Stat. § 768.28(9)(a) with respect to Sosa's claim of malicious prosecution. Accordingly, we only review the district court's denial of qualified immunity with respect to the wrongful arrest claim.

injuries suffered during his arrest.  The charges brought against Sosa were eventually dismissed.

## Standard of Review

We review dismissals pursuant to Rule 12(b)(6), *de novo,* taking all the material allegations of the complaint as true while liberally construing the complaint in favor of the plaintiff.  *Ellis v. General Motors Acceptance Corp*., 160 F.3d 703, 706 (11th Cir. 1998).  The district court may only grant a Rule 12(b)(6) motion to dismiss where it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). Although the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim,  *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985), a court nonetheless may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## Discussion

Torres argues that Sosa's claims must be dismissed because Torres is entitled to qualified immunity.  "Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless

3

their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003) (quoting *Hope v. Pelzer,* 536 U.S. 730, 739, 122 S. Ct. 2508, 2515, 153 L. Ed. 2d 666 (2002)). Because Sosa concedes that Torres was acting within the his discretionary authority, "the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). The Supreme Court has set forth a two part analysis for determining whether qualified immunity is appropriate. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001). The court must first ask the threshold question whether the facts alleged, taken in the light most favorable to the plaintiffs, show that the government official's conduct violated a constitutional right. *Id.* If the complaint alleges the violation of a constitutional right, the court must determine whether that right was clearly established at the time of the violation. *Id.*

With regard to a claim for wrongful arrest, "an arrest without probable cause violates the right to be free from an unreasonable search under the Fourth Amendment." *Durruthy v. Pastor*, 351 F.3d 1080, 1088 (11th Cir. 2003). Probable cause for an arrest exists when, based upon the totality of the circumstances, the arrest is reasonable. *Lee*, 284 F.3d at 1195. "Although

4

probable cause requires more than suspicion, it does not require convincing proof, and need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction." *Id.* (internal quotation marks and citations omitted) (alteration in original). For qualified immunity to be applicable to an arresting officer, all that is required is "*arguable* probable cause to believe that a person is committing a particular public offense; that is, where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest the plaintiffs." *Scarbrough v. Myles*, 245 F.3d 1299, 1302 (11th Cir. 2001) (internal quotations marks and citations omitted).

Torres argues that the search warrant, pursuant to which the officers searched Sosa's home, provided arguable probable cause for Sosa's arrest.[2] The search warrant authorized the arrest of "all persons in the unlawful possession" of the property described in the warrant. However, Sosa's complaint does not allege that Sosa was in possession of any of the property described in the warrant, or that he disrupted the execution of the warrant. Torres points to a Return and Inventory[3]

---

[2]Although the search warrant was not attached to Sosa's complaint, because the complaint refers to the warrant and because the warrant is central to Sosa's claims, we may consider it without converting Torres's 12(b)(6) motion into a motion for summary judgment. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

[3]Sosa attached a copy of the Return and Inventory to his response to Torres's motion to dismiss. Thus, because it is central to Plaintiff's claim and because it is a public record, we may

5

indicating that in searching Sosa's premises, the police recovered hundreds of towing tickets, $10,000 in U.S. currency, and two firearms. However, even taking into account the warrant and the Return and Inventory, Torres's argument would require us to assume that the items in the inventory were those described in the search warrant, that the items taken were indeed taken from Sosa's residence, and that Torres had arguable probable cause to believe that Sosa was in unlawful possession of the items. Thus, Torres invites us to make inferences that would take us well beyond the scope of the facts alleged in the complaint. Furthermore, the Return and Inventory indicates that no arrests were made pursuant to the search warrant.

At this stage in the litigation, we are to "accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *St. Joseph's Hosp., Inc. v. Hosp. Corp. of America*, 795 F.2d 948, 954 (11th Cir. 1986). Accordingly, construing the facts in favor of Sosa, his complaint pled with sufficient factual particularity that he was arrested by Torres without probable cause. Thus the district court properly held that Torres was not entitled to qualified immunity at this stage of the litigation. We affirm the district court's denial of Torres's motion

consider it in resolving a motion to dismiss. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Watson v. Bally Mfg. Corp*., 844 F. Supp. 1533, 1535 n.1 (S.D. Fla. 1993), *aff'd,* 84 F.3d 438 (11th Cir. 1996).

to dismiss Sosa's wrongful arrest claim.[4]

**Affirmed.**

---

[4]Regarding Sosa's claim of excessive force, we have held that damages suffered because of the use of excessive force may be included within a claim of false arrest. *Williamson v. Mills*, 65 F.3d 155, 158-59 (11th Cir. 1995). The district court correctly noted that whether or not Sosa's excessive force claim may proceed independently of the wrongful arrest claim need only be resolved if the wrongful arrest claim fails.